346 P.2d 1039

**W. A. STANTON, Plaintiff-Appellee,**

**v.**

**Richard BOKUM and Margaret Barker Bokum, Defendants-Appellants.**

**No. 6543.**

Supreme Court of New Mexico.

Nov. 17, 1959.

Lyle E. Teutsch, Jr., Thomas A. Donnelly, Santa Fe, for appellants.

Zinn Law Offices, Dean S. Zinn, Santa Fe, for appellee.

McGHEE, Justice.

This was an action by the appellee to recover a balance of $9,230.84 and to foreclose a mechanic's and materialmen's lien securing it. The claim arose from an oral agreement for the alteration, remodeling and repair of a residence owned by appellant, for labor and materials furnished by appellee under the agreement.

The appellant denied liability in any amount and claimed indebtedness owed them by appellee upon the same contract, in the sum of $16,202.18.

The case went to trial upon the following stipulation as to the issues:

"It is agreed by this stipulation the parties intend in no way to alter, change or modify their respective positions with respect to the exact nature of the contractual relationship between them as expressed in the pleadings on file herein; that it is the position of the plaintiff that he performed all contractual services required of him until the contract was terminated by mutual consent of the parties, and he should be paid in full for all services, labor and materials furnished to the date of such termination; and it is the position of the defendants that plaintiff agreed to complete the remodeling of their residence for a flat, fixed fee or price and he failed to perform in accordance with said agreement and as a result defendants were required to complete the remodeling at additional expense to themselves."

The trial court found for the appellee and entered judgment against appellant for $9,230.84, with interest, costs and attorney fees, and denied their counterclaim, from which they appeal.

The findings of fact made by the trial court are sufficient to support the judgment if they are supported by the evidence introduced in the cause.

Appellant contends that the court erred in refusing various of their requested findings and in making the following findings of fact:

"5. That plaintiff began work on the premises about March 8, 1956, under the terms of the oral contract and on about the same date the plaintiff advised defendant, Richard Bokum, that as a rough estimate the total cost of both the remodeling and the new construction would be between 46 and $48,000.00, but that it would be difficult or near impossible to give an exact estimate on the remodeling be-

258

cause the plaintiff was unable to appraise in advance the extent of repair problems which he might encounter and on the new construction because final plans on the addition had not been made available at the time the rough estimate was made."

"13. That plaintiff performed his contract in apparent good faith and with reasonable diligence under the circumstances until the time he was ordered to cease work by the defendant, Richard Bokum.

"14. That the remodeling, repairs and alterations on the premises and the new addition thereto as finally completed were not the same as contemplated by the parties when the oral contract was first entered into during the month of March, 1956, as the original ideas of the architect and the defendants, as presented to the plaintiff, called for a cheap remodeling job with an inexpensive addition, and as finally completed under the requirements of the defendants the premises consisted of an extensive remodeling and repairing job and a very expensive addition of greater cost than anticipated or contemplated by the plaintiff and the defendants under the oral agreement originally entered into.

"15. That it was understood between the plaintiff and defendants that the defendants desired to move into the

old part of the residence on or about May 22, 1956, but because of circumstances beyond the control of plaintiff and because of extensive changes in plans made by either or both defendants the premises could not have been made ready by May 22, 1956, but that the defendants moved into the premises on or about June 4, 1956; that the delay in the defendants being unable to move into the premises was not caused through the fault of the plaintiff but was due to the many changes in plans made by the defendants during the progress of construction.

"16. That during the construction defendants caused considerable work to be done and changes made and gave indefinite instructions to plaintiff and his employees, changed and modified the architect's plans and decisions without written change orders, required substantial additional remodeling and construction work which was not originally contemplated by the parties and rendered it impossible for plaintiff to complete the work on schedule or within the terms of the original agreement of the rough estimate originally made."

■ Before considering appellant's contentions we are going to take this opportunity to make a few comments on the statement of facts as required under our

rules. Counsel for the appellant as well as many other attorneys apparently sometimes lose sight of the purpose of this statement which is to make known to the appellate court the trial court's appraisal of the facts and disposition of the issues and to aid the court in determining the questions at issue in the appeal. All pertinent facts should be included in this statement, not just the evidence most favorable to one's own client. If counsel fails to appraise the court of all the facts then we are compelled to search the record or do without a complete and correct knowledge of the facts. We are loath to do either. We have at times refused to search the record when confronted with the problem.

A rereading of the opinion by Mr. Justice Compton in the case of Provencio v. Price, 1953, 57 N.M. 40, 253 P.2d 582, as to what should be included in the statement of facts would be of benefit to many members of the bar and would result in considerable assistance to the members of this Court in disposing of appeals.

Appellee says that there is also a violation of our Rule 15, section 6, in that appellant failed to set out in his brief the substance of all the evidence, with proper reference to the transcript, in support of his contention that the findings are not supported by substantial evidence.

There is merit to this observation but with the aid of both briefs and a study of the entire record, we are able, we believe, to appraise the evidence and properly decide the question presented by the appeal.

An examination of all the record in the cause convinces us that the trial court's findings of fact are supported by substantial evidence and that it did not err in making them. We also hold it did not err in denying the appellants' requested findings of fact which were contradictory to those made by it. Likewise, there was no error in denying their requested conclusions of law. Judgment was properly rendered for the appellee.

See Barnard-Curtis Company v. United States, 10 Cir., 244 F.2d 565, and annotation in 152 A.L.R. 1349.

As this is purely a facts case, we do not feel an abstract of the long record would be of assistance to the bench and bar and therefore omit it.

The judgment of the trial court is affirmed and

It is so ordered.

LUJAN, C. J., and COMPTON and MOISE, JJ., concur.

CARMODY, J., not participating.