This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                               **NO. 29,818**

**DANIEL BERRY,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Stan Whitaker, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Kari T. Morrissey
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**FRY, Chief Judge.**

Defendant appeals from an order revoking his probation. In this Court's second notice of proposed summary disposition, we proposed to affirm. Defendant has filed a memorandum in opposition pursuant to an extension granted by this

Court. We have considered Defendant's arguments, and as we are not persuaded by them, we affirm.

In Defendant's docketing statement, he made a number of arguments pursuant to Rule 5-805 NMRA and the due process clause of the United States Constitution, in which he asserted that his probation revocation should be reversed because it was not done within the time limits prescribed by Rule 5-805. However, Defendant's arguments failed to address the fact that the district court made a finding that Defendant voluntarily waived his right to commence his initial hearing within the time frame provided under the rule. [RP 105]

This Court issued a notice of proposed summary disposition proposing to conclude that the question of waiver was dispositive of Defendant's issues on appeal. Defendant's initial hearing was originally set for March 4, 2009. [RP 30] In the district court, the State asserted that Defendant's attorney contacted the State and asked that the March 4 setting be vacated. [RP 73] The State represented that it agreed to vacate the setting only if Defendant waived his right under Rule 5-805(G)(1) to have an initial hearing within thirty days from the filing of the motion to revoke probation. [RP 73] The State did not indicate that the waiver was qualified or limited in any way. [RP 73] Although there was no evidence in the record of the stipulated continuance of the March 4, 2009, hearing (as opposed to the stipulated continuance of the April 1, 2009, hearing [RP 48]), and although Defendant's docketing statement represented that the continuance of the March 4 hearing was at the State's request [DS unnumbered page 1], rather than at

Defendant's, we noted that the district court seemed to have made a factual finding that the State's representation of the facts was credible and that on that basis it found that Defendant had voluntarily waived the time for an initial hearing. [RP 105] The district court noted that there was some disagreement about the length of the extension of time (perhaps because the later stipulated continuance of the April 1 hearing provided for a specific thirty-day extension of the time limits), but apparently resolved the factual conflict by determining that the original waiver of the initial hearing in relation to the continuance of the March 4 hearing was not for a specific period of time.[1]

In our notice, we propose to hold that because Defendant had not attacked the district court's factual finding regarding waiver of the time limit for the initial hearing, he would be bound by it. *Martinez v. S.W. Landfills, Inc.*, 115 N.M. 181, 186, 848 P.2d 1108, 1113 (Ct. App. 1993) ("[A]n appellant is bound by the findings of fact made below unless the appellant properly attacks the findings, and . . . the appellant remains bound if he or she fails to properly set forth all the

---

[1]We reached this conclusion because if the district court believed that the extension was only for thirty days, it appears that the time to hold an adjudicatory hearing would have expired on June 15. Our calculation was as follows: The State filed its motion to revoke probation on February 12, 2009. [RP 32] Under Rule 5-805(G), the initial hearing should have been held within thirty days, or by March 14. However, as this was a Saturday, the time for the initial hearing would have been extended to March 16. *See* Rule 5-104(A) NMRA. The stipulated thirty-day extension for the initial hearing then would have run on April 15. The adjudicatory hearing would have had to have been held by sixty days after the initial hearing, which would have been June 14, but as this was a Sunday, the deadline would have run on Monday, June 15.

evidence bearing upon the findings."). The effect of the waiver of the deadline for the initial hearing would necessarily push the time back for the adjudicatory hearing, since the time limit for the adjudicatory hearing is set in relation to the time of the initial hearing. *See* Rule 5-805(H) ("The adjudicatory hearing shall commence no later than sixty (60) days after the initial hearing is conducted."); *see also* Rule 5-805(J) (providing that the time limits for commencement of the adjudicatory hearing may be waived). Therefore, we proposed to find no error in the district court's determination that the time limit for the initial hearing was waived and that the adjudicatory hearing need not have been held until sixty days after the initial hearing was actually held.

In Defendant's memorandum in opposition, he argues that Defendant and the State agreed that they would vacate the initial hearing, would not have any initial hearing at all, and would simply schedule an adjudicatory hearing. [MIO 2] Defendant argues that once he waived his right to an initial hearing, the State had a total of ninety days from the date of the motion to revoke Defendant's probation to hold an adjudicatory hearing because Rule 5-805 allows thirty days to hold an initial hearing and then sixty days from the initial hearing for the adjudicatory hearing. [MIO 4] Defendant then makes a number of factual arguments intended to demonstrate that his interpretation of his agreement with the State is reasonable.

While we agree with Defendant that his interpretation of his agreement with the State is a reasonable one—that the initial hearing would be waived altogether and that the waiver of the initial hearing would leave in place the ninety-day time

4

limit for an adjudicatory hearing that exists when an initial hearing is actually held—the parties never put this understanding into writing, and it is not the only reasonable interpretation of their agreement. Although Defense counsel apparently explained her understanding of the agreement to the district court, counsel for the State represented that the State had a different understanding, which was that Defendant had simply waived the time for the initial hearing indefinitely and that the initial hearing would still be held either as a separate hearing or in the same hearing as the adjudicatory hearing. [MIO 3, 6; RP 73]

Contrary to Defendant's assertion, the time for an adjudicatory hearing in Rule 5-805(H) is not actually ninety days from the date of the motion to revoke probation, but sixty days from an initial hearing. Here, Defendant waived his right to have an initial hearing within the time provided under Rule 5-805(G), and never put in writing any agreement about what effect this would have on the sixty-day period provided in Rule 5-805(H), which is usually triggered by the initial hearing. Where there was no dispute that Defendant waived the time for his initial hearing and there were conflicting representations from counsel for Defendant and counsel for the State about what effect they believed such a waiver would have on the time for the adjudicatory hearing, we defer to the district court's determination that Defendant's waiver of his right to have an initial hearing was for an indefinite period of time. *See Griffin v. Guadalupe Med. Ctr., Inc.*, 1997-NMCA-012, ¶ 22, 123 N.M. 60, 933 P.2d 859 ("When the trial court's findings of fact are supported by substantial evidence, . . . refusal to make contrary findings is not error.").

Because Rule 5-805(H) does not require an adjudicatory hearing to be held until sixty-days after an initial hearing and because the adjudicatory hearing in this case was held within sixty days of the initial hearing, we hold that the district court did not err in refusing to dismiss the motion to revoke Defendant's probation.

**CONCLUSION**

Therefore, for the reasons stated in this opinion and the second notice of proposed summary disposition, we affirm.

**IT IS SO ORDERED.**

_____

**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**

_____
**MICHAEL E. BUSTAMANTE, Judge**

_____
**TIMOTHY L. GARCIA, Judge**