This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39736

**STATE OF NEW MEXICO ex rel.
CHILDREN, YOUTH & FAMILIES
DEPARTMENT,**

Petitioner-Appellee,

v.

**JESSIE P.,**

Respondent-Appellant,

and

**CHRISTY S.,**

Respondent,

**IN THE MATTER OF ZABRINA P.
and TRINITY S.,**

Children.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY
Lee A. Kirksey, District Judge**

Rebecca J. Liggett, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

The Law Offices of Nancy L. Simmons, P.C.
Nancy L. Simmons
Albuquerque, NM

for Appellant

Laura K. Castillo
Hobbs, NM

Guardian Ad Litem

## MEMORANDUM OPINION

**DUFFY Judge.**

**{1}** Respondent-Appellant Jesse P. (Father) has appealed from the termination of his parental rights. We issued a notice of proposed summary disposition in which we proposed to affirm. Father has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

**{2}** Father has raised a single issue, challenging the sufficiency of the evidence to support the disposition. Because the relevant background information and legal principles have previously been set forth we will avoid undue reiteration here, and instead focus on the content of the memorandum in opposition.

**{3}** As an initial procedural matter, we understand Father to suggest that our review should be limited to the information set forth in the docketing statement. [MIO 1-2] However, the scant recitation set forth therein [DS 5] does not constitute a reasonably complete summary of the relevant evidence. Recourse to the record proper was therefore required in order to facilitate review, which we generally presume is preferable to simply refusing to consider the merits. *See generally State v. Ibarra*, 1993-NMCA-040, ¶¶ 10-11, 116 N.M. 486, 864 P.2d 302 (explaining that "[t]he docketing statement is reviewed together with the record proper" in the calendaring process); *Martinez v. Sw. Landfills, Inc.*, 1993-NMCA-020, ¶ 18, 115 N.M. 181, 848 P.2d 1108 (indicating that we may "refuse to consider a challenge to the sufficiency of the evidence where the appellant failed to include the substance of all the evidence bearing upon a proposition"); *Hester v. Hester*, 1984-NMCA-002, ¶ 5, 100 N.M. 773, 676 P.2d 1338 (expressing the preference for deciding appeals on the merits whenever possible). We remain of the opinion that this is an appropriate case for that approach, particularly in light of Father's acknowledgement that "there were facts adduced at the TPR hearing to support the [d]istrict [c]ourt's findings." [MIO 3] *See Ibarra*, 1993-NMCA-040, ¶¶ 10-11 (explaining that cases challenging the sufficiency of the evidence can be resolved on the summary calendar where the docketing statement, record, and responsive memoranda provide sufficient undisputed facts to support the disposition).

**{4}** We turn next to Father's substantive assertions. First, Father contends that the Children, Youth & Families Department's (the Department) efforts should not have been deemed reasonable, particularly in light of presumed limitations associated with his sporadic incarceration and the pandemic. [MIO 4-5] Although Father argues that the Department should have made greater efforts on his behalf, he suggests nothing specific. [MIO 4-5] This is unpersuasive. *Cf. N.M. Human Servs. Dep't v. Penny J.*, 1994-NMCA-143, ¶ 22, 119 N.M. 328, 890 P.2d 389 ("The parent cannot sit back . . . and expect the [Department] to effect a 'cure' for the individual and then when such a

'cure' is not forthcoming, blame the agency for the failure." (alteration, internal quotation marks, and citation omitted)).

**{5}** As previously summarized in the notice of proposed summary disposition, [CN 5] the record reflects that the Department developed an appropriate treatment plan and endeavored to implement it. The fact that Father's incarceration may have limited the services that were available to him does not render the Department's efforts unreasonable. *See, e.g.*, *Child., Youth & Fams. Dep't v. Hector C.*, 2008-NMCA-079, ¶¶ 25-27, 144 N.M. 222, 185 P.3d 1072 (concluding that the Department had made reasonable efforts, notwithstanding the fact that the father was unable to participate in treatment while he was incarcerated). Moreover, during the periods when Father was not incarcerated he failed to maintain contact with the Department, and he made no progress working his treatment plan. [DS 5] Under the circumstances, we remain unpersuaded that more was required. *See, e.g.*, *id.* ¶¶ 24-27 (holding that the Department made reasonable efforts under analogous circumstances, where the father was largely unable to participate in treatment due to incarceration). *See generally State ex rel. Child., Youth & Fams. Dep't v. Nathan H.*, 2016-NMCA-043, ¶ 41, 370 P.3d 782 ("Although Father's repeated incarceration hindered the treatment plan, incarceration does not release Father from following treatment that affects his parental duties."); *State ex rel. Child., Youth & Fams. Dep't v. Laura J.*, 2013-NMCA-057, ¶ 39, 301 P.3d 860 ("That [F]ather did not fully participate in or cooperate with the services does not render the Department's efforts unreasonable.").

**{6}** Second, Father continues to challenge the district court's determination that the causes and conditions of neglect were unlikely to change in the foreseeable future. [MIO 5-6] In light of Father's failure to make any progress after nearly two years had elapsed, [CN 6] we disagree. *See, e.g.*, *State ex rel. Child., Youth, & Fams. Dep't v. William C., Jr.*, 2017-NMCA-058, ¶ 30, 400 P.3d 266 (upholding a determination that the causes and conditions of neglect were unlikely to change in the foreseeable future where the father did not maintain contact and had made little to no progress despite efforts by the Department, and the child had been in custody for over two years by the time of the termination hearing).

**{7}** Father suggests that the Department's showing was predicated upon stale information. [MIO 6] However, in light of Father's undisputed failure to maintain contact, meaningfully participate in services, or make progress, as well as his renewed incarceration, [MIO 4] we remain unpersuaded. *See, e.g*, *Nathan H.*, 2016-NMCA-043, ¶ 41 (rejecting a similar staleness argument, and holding that past conduct was relevant to current parental abilities and foreseeable events, where the father had not changed his situation in any meaningful way).

**{8}** Third and finally, Father contends that the Department should have done more to investigate a possible relative placement. [MIO 6-12] However, where sufficient evidence has otherwise been presented, "the Department's failure to consider . . . a relative placement does not provide a basis for overturning the termination of . . . parental rights." *Laura J.*, 2013-NMCA-057, ¶ 56. Father's memorandum in opposition

contains neither persuasive argument nor authority to suggest that the Department's handling of the potential relative placement had any bearing on the termination of Father's parental rights. We therefore reject the argument as a basis for reversal on appeal. *See, e.g.*, *id.* (rejecting a similar argument under analogous circumstances).

**{9}** Accordingly, for the reasons stated in the notice of proposed summary disposition and above, we affirm.

**{10} IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**SHAMMARA H. HENDERSON, Judge**