This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-39664**

**BRIAN SLADE,**

 Petitioner-Appellant,

v.

**KARINA LEWANDOWSKI,**

 Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Debra Ramirez, District Court Judge**

Border Law Office, P.A.
Dean E. Border
Albuquerque, NM

for Appellant

Karina Lewandowski
Kirtland AFB, NM

Pro Se Appellee

**MEMORANDUM OPINION**

**IVES, Judge.**

**{1}** In this divorce proceeding, Brian Slade (Husband) appeals the district court's determinations that (1) certain debt was Husband's separate debt, rather than debt of the community, and (2) Karina Lewandowski (Wife) did not take or damage certain property of Husband's. We affirm.

**DISCUSSION**

**I.      Substantial Evidence Supports the Finding That Debt Owed to Compass Bank Was Husband's Separate Debt**

**{2}**      Husband owned and operated a business as his sole and separate property; the business "remodel[ed] and res[old] residential properties." During the marriage, Husband took out—and Wife co-signed—a home equity line of credit with Compass Bank for Husband's business, and Wife had no access to the line of credit. At the time of the bench trial, there was an outstanding balance on the line of credit, and the court determined that this was Husband's separate debt. Husband argues that the district court erred. We disagree.

**{3}**      We review whether a debt that was incurred during the marriage is community or separate de novo, *Bursum v. Bursum*, 2004-NMCA-133, ¶ 19, 136 N.M. 584, 102 P.3d 651, and we review the district court's findings of fact for substantial evidence. *Autrey v. Autrey*, 2022-NMCA-042, ¶ 9, 516 P.3d 207. A finding can be supported by substantial evidence if there is testimony of a single credible witness. *Id.* Further, "[w]hen there is a conflict in the testimony, we defer to the trier of fact," who "is in the best position to resolve questions of fact and to evaluate the credibility of witnesses." *Id.* (internal quotation marks and citation omitted).

**{4}**      When classifying a debt incurred during a marriage, there is a rebuttable presumption that it is a community debt. *Huntington Nat'l Bank v. Sproul*, 1993-NMSC-051, ¶ 9, 116 N.M. 254, 861 P.2d 935. A party can rebut the presumption with evidence that "the spouses d[id] not intend the debt to be community and t[ook] steps to ensure it [wa]s not." *See Fernandez v. Fernandez*, 1991-NMCA-001, ¶¶ 7, 10, 111 N.M. 442, 806 P.2d 582.

**{5}**      On appeal, Husband argues that because the line of credit was opened during the marriage and there was no evidence that "the debt was used for a business purpose" and because "the sole testimony of the use of these funds was for community items including vacations and other recreational uses during the marriage," the district court erred by failing to presume that the debt was community debt. Husband's arguments are contrary to the record; there was substantial evidence presented at the bench trial that the line of credit was used for Husband's separate business. Husband and Wife each relied exclusively on their own testimony to establish how the line of credit was used, and Husband's testimony conflicted with Wife's. Husband testified that the line of credit was for "all kinds of different things," including "community activities" like family vacations and recreation. But Wife testified that the line of credit "was not for trips" but instead for Husband's business. Ultimately, the district court found Wife's testimony more credible. Based on that finding, the court found that the line of credit was for the benefit of Husband's separate business and was therefore Husband's separate debt. We defer to this finding because it is supported by the testimony of a witness found credible by the district court, and we may not second-guess that finding. *See Autrey*, 2022-NMCA-042, ¶ 9.

**{6}** Other findings, unchallenged on appeal and therefore binding on the parties, support the court's classification. *See Martinez v. Sw. Landfills, Inc.*, 1993-NMCA-020, ¶ 18, 115 N.M. 181, 848 P.2d 1108 (stating that an appellant is bound to the district court's findings "unless the appellant properly attacks the findings"). For example, the court found that Wife could not access or use the line of credit; that there was no evidence to show the debt was incurred to "benefit[] the marital community"; and that, as security for the line of credit, Husband used a residential property which was his separate property.

**{7}** For these reasons, we hold that the district court did not err by concluding that the presumption of community debt was rebutted and therefore classifying the debt as separate.

## II. The District Court's Findings Regarding Husband's Claims That Wife Took or Damaged His Property Are Binding on Appeal

**{8}** Husband further contends that the court lacked substantial evidence in finding that Wife did not take or damage his property. Husband's argument on this topic consists only of the following sentence: "The overwhelming amount of evidence shows that Wife took or damaged property of [H]usband." Contrary to Rule 12-318(A)(4) NMRA, Husband has not made "a specific attack on any finding" and does not identify "with particularity the fact or facts that are not supported by substantial evidence." Instead, he inadequately contests the sufficiency of a court's findings by merely outlining the evidence presented at trial and making a generalized one-sentence assertion. *See Stanley v. N.M. Game Comm'n*, 2024-NMCA-006, ¶ 15, 539 P.3d 1224 ("Summarizing the evidence and making a generalized assertion that the evidence does not support the district court's findings of fact, without directly attacking them, is insufficient."). We therefore conclude that Husband waived his substantial evidence challenge, *see* Rule 12-318(A)(4), and that the unchallenged findings are binding on appeal. *See Martinez*, 1993-NMCA-020, ¶ 18.

## CONCLUSION

**{9}** We affirm.

**{10} IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**KATHERINE A. WRAY, Judge**