This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40618**

**JOSEPH CERVANTES and JENNIFER CERVANTES,**

      Protestants-Appellees,

v.

**NEW MEXICO TAXATION & REVENUE DEPARTMENT,**

      Respondent-Appellant,

**IN THE MATTER OF THE PROTEST OF THE ASSESSMENT OF TAX ISSUED UNDER LETTER ID NO. L2106017200.**

**APPEAL FROM THE ADMINISTRATIVE HEARINGS OFFICE**
**Brian VanDenzen, Chief Hearing Officer**

L. Helen Bennett, PC
L. Helen Bennett
Albuquerque, NM

for Appellees

Raúl Torrez, Attorney General
Timothy J. Williams, Special Assistant Attorney General
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**IVES, Judge.**

**{1}** Respondent New Mexico Taxation and Revenue Department levied a civil penalty and interest on Protestants Joseph and Jennifer Cervantes (Taxpayers) for their untimely payment of their 2019 personal income taxes. Taxpayers filed a formal protest, and an administrative hearing officer (AHO) abated the civil negligence penalty under NMSA 1978, Section 7-1-69(B) (2021) and 3.1.11.11(D) NMAC, but affirmed the interest owed. The Department appeals the abatement of the civil penalty. Unpersuaded that reversible error occurred, we affirm the AHO's decision under Section 7-1-69(B).

## DISCUSSION

**{2}** We review the AHO's decision under "a whole-record standard of review," in which we will set the decision aside only if it is "(1) arbitrary, capricious or an abuse of discretion; (2) not supported by substantial evidence in the record; or (3) otherwise not in accordance with the law." *Gemini Las Colinas, LLC v. N.M. Tax'n & Revenue Dep't*, 2023-NMCA-039, ¶ 11, 531 P.3d 622 (text only) (citations omitted); *accord* NMSA 1978, § 7-1-25(C) (2015).

**{3}** We begin by describing how the Department's briefing on appeal narrows the issues we address. Our opinion is shaped by the absence of an argument by the Department that challenges a key piece of the AHO's legal reasoning: the AHO's understanding of the relationship between Subsections A and B of Section 7-1-69. The AHO reasoned that a taxpayer who negligently fails to pay taxes in a timely manner under Subsection A may still be entitled to an abatement of the penalty under the mistake of law provision in Subsection B. The AHO described Subsection B as "a limited exception to [the] civil negligence penalty." In other words, a determination that a taxpayer was negligent is not necessarily dispositive of whether a taxpayer is entitled to abatement because a negligent taxpayer could still satisfy the requirements of the mistake of law provision in Subsection B. Implicit in the Department's arguments on appeal is the *assumption* that the AHO's understanding of the relationship between Subsections A and B is wrong—i.e., the assumption that taxpayers who negligently fail to pay their taxes on time may not avail themselves of the mistake of law provision. However, this assumption is unsupported by argument. The Department does not discuss the plain language of Subsection B and does not explain how any other provision of the tax code or any provision of the regulations relates to Subsection B. *See Albuquerque Bernalillo Cnty. Water Util. Auth. v. N.M. Pub. Regul. Comm'n*, 2010-NMSC-013, ¶¶ 51-52, 148 N.M. 21, 229 P.3d 494 (stating that canons of statutory construction guide the interpretation of regulations and that when we construe statutes, "we look first to the plain language of the statute, giving the words their ordinary meaning" (text only) (citation omitted)). And the Department does not develop any other argument that the AHO misunderstood the relationship between the two subsections of the statute. *See Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 ("We will not review unclear arguments, or guess at what a party's arguments might be." (text only) (citation omitted)). We therefore presume that the AHO's understanding is correct. *See Corona v. Corona*, 2014-NMCA-071, ¶ 26, 329 P.3d 701 ("The appellate court presumes that the [AHO] is correct, and the burden is on the appellant to clearly demonstrate that the [AHO] erred."). Accordingly, because we ultimately conclude, for

the reasons explained below, that substantial evidence supports the AHO's determination that Taxpayers met the requirements for abatement under Subsection B, we need not address the Department's arguments about whether Taxpayers were "negligent" or "nonnegligent" under Section 7-1-69(A), 3.1.11.10 NMAC, and 3.1.11.11 NMAC. *See ERICA, Inc. v. N.M. Regul. & Licensing Dep't*, 2008-NMCA-065, ¶ 24, 144 N.M. 132, 184 P.3d 444 ("On appeal, error will not be corrected if it will not change the result." (text only) (citation omitted)).

**{4}** Instead, our analysis is based exclusively on Section 7-1-69(B), which states, "No penalty shall be assessed against a taxpayer if the failure to pay an amount of tax when due results from a mistake of law made in good faith and on reasonable grounds." The Department argues that the AHO's abatement of the civil penalty under Section 7-1-69(B) is not supported by substantial evidence. We disagree.[1]

**{5}** "To determine whether substantial evidence supports the [h]earing [o]fficer's decision, we view the evidence in a light most favorable to the agency's decision." *Vigil v. N.M. Tax'n & Revenue Dep't*, 2022-NMCA-032, ¶ 9, 514 P.3d 15 (internal quotation marks and citation omitted). Substantial evidence supports an administrative decision so long as "there is credible evidence for a reasonable mind to accept as adequate [to support] the result reached by the agency." *Par Five Servs., LLC v. N.M. Tax'n & Revenue Dep't*, 2021-NMCA-025, ¶ 24, 489 P.3d 983 (internal quotation marks and citation omitted).

**{6}** To establish entitlement to the abatement, Taxpayers had to show, by a preponderance of the evidence, that (1) there was a mistake of law, (2) the mistake was made in good faith, and (3) the mistake was made on reasonable grounds. *See* § 7-1-69(B); *Gemini Las Colinas, LLC*, 2023-NMCA-039, ¶ 17 & n.2 (stating the appropriate burden of persuasion in a tax protest is a preponderance of the evidence). We conclude that Taxpayers presented substantial evidence as to all three elements.

**{7}** As to the first element, the AHO found that Taxpayers mistook the proper filing deadline. The Taxpayers provided explicit testimony stating as much. They further explained that their certified public accountant (CPA) advised Taxpayers that the payment date for their 2019 state personal income taxes was April 15, 2021. Then, in mid-March 2021, the Department and federal government changed the filing and payment deadlines for 2020 personal income taxes from mid-April to May 17, 2021. Taxpayers testified that they heard of the change in the news and mistakenly understood that the extension applied to their 2019 state taxes.

---

[1]Our conclusion that substantial evidence supports abatement under Section 7-1-69(B) also disposes of the Department's argument that Taxpayers failed to present evidence sufficient to rebut the presumption that the Department's assessment was correct. By presenting substantial evidence to support the AHO's determination that Taxpayers carried their burden of *persuasion* regarding their claimed mistake of law—i.e., they proved their entitlement to the abatement by a preponderance of the evidence—Taxpayers necessarily presented adequate evidence to carry their burden of *production*, which was all that was necessary to rebut the presumption of correctness. *See Gemini Las Colinas, LLC*, 2023-NMCA-039, ¶¶ 16-17, 21. The Department did not acknowledge the distinction between the two burdens in its briefs.

**{8}** The Department asserts that Taxpayers' mistake does not amount to a mistake of law, and it "is simply an erroneous belief" because the Taxpayers took no action "to confirm the newly believed deadline" with their CPA. However, the Department provides no authority to support the proposition that a mistake does not amount to a mistake of law if a taxpayer hires a CPA but then fails to communicate with them. *See Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists."). Without citation to supporting authority or any persuasive argument from the Department, we decline to conclude that Section 7-1-69(B) embraces the rule suggested by the Department.

**{9}** Turning to the second element, the AHO found that Taxpayers made the mistake of law in good faith. Taxpayers introduced testimony that they did not intend to pay their personal income taxes late; they were "shocked" and "upset" that they missed the due date; and they wrote a check the day they received the assessment for the amount of taxes owed and contacted their CPA to pay their taxes "immediately." On appeal, the Department has not identified countervailing evidence or otherwise explained how the evidence presented to the AHO fell short. We therefore conclude the Department waived its substantial evidence challenge to this specific finding, *see* Rule 12-318(A)(4) NMRA, and that the finding is binding on appeal. *See Martinez v. Sw. Landfills, Inc.*, 1993-NMCA-020, ¶ 18, 115 N.M. 181, 848 P.2d 1108.

**{10}** Third and finally, the AHO determined that the mistake was reasonable. Taxpayers explained that their mistake occurred in part because, normally, payment of their federal and state personal income taxes would share the same deadline: April 15th of the next year. This was not so with Taxpayers' 2019 and 2020 taxes. For the 2019 tax year, their estimated federal personal income tax payment was due on July 15, 2020, with an additional payment due in October 2020. Veering from its federal counterpart, the deadline for their 2019 state personal income taxes was due the next year on April 15, 2021. And the deadline for both their 2020 state and federal personal income taxes was May 17, 2021, instead of the usual mid-April deadline. Taxpayers provided testimony—found "highly credible" by the AHO—that their mistake also was due to a breakdown of an over-twenty-year-long custom with their CPA. Typically, their CPA would contact them "a day or two" before payment was due so they could organize a timely payment, a communication that never happened in 2021. The Department appears to argue that Taxpayers' mistaken belief was unreasonable because they did not reach out to their CPA and confirm the proper deadline, and instead relied on their CPA's silence. Although the evidence could have supported this inference, the AHO made a different inference based on the evidence: Taxpayers' mistake was reasonable largely because of the unusual combination of circumstances we have described above regarding deadlines. Because the evidence supports multiple inferences, including the one drawn by the AHO, we have no basis for undoing the AHO's determination. *See Kewanee Indus., Inc. v. Reese*, 1993-NMSC-006, ¶ 6, 114 N.M. 784, 845 P.2d 1238 ("If more than one inference can be drawn from the evidence then the inference drawn by the hearing officer is conclusive.").

**{11}** For these reasons, we hold that substantial evidence supports all three elements required for abatement under Section 7-1-69(B). Because the Department has not persuasively argued that any reversible error occurred, we affirm the decision of the AHO.

**CONCLUSION**

**{12}** We affirm.

**{13} IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**SHAMMARA H. HENDERSON, Judge**

**GERALD E. BACA, Judge**