This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-42397**

**CHARLES KINNEY,**

Plaintiff-Appellant,

v.

**JERK IT AUTO PARTS, INC.;**
**A-1 AUTO RECYCLERS;**
**and JASON OVERTURF,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Daylene A. Marsh, District Court Judge**

Charles Kinney
Oakland, CA

Pro Se Appellant

The Risley Law Firm, P.C.
Gary Risley
Farmington, NM

for Appellees

### MEMORANDUM OPINION

**BACA, Judge.**

**{1}** Plaintiff appeals from the district court's order granting Defendants' motion to dismiss. [3 RP 702-705] We entered a notice of proposed disposition, proposing to affirm. Plaintiff filed a memorandum in opposition to that notice, which we have duly considered. Unpersuaded, we affirm.

**{2}** Plaintiff's memorandum continues to maintain many of the same assertions of error that were contained in his docketing statement, and thus we refer Plaintiff to our analysis in our proposed disposition. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 ("A party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. More particularly, Plaintiff's memorandum also continues to raise many of the same issues raised in his prior appeal, *Kinney v. Jerk it Auto Parts, Inc.*, A-1-CA-41389, mem op. (N.M. Ct. App. Feb. 15, 2024) (nonprecedential). In our notice of proposed disposition, we proposed to conclude that the law of the case doctrine precluded this Court from addressing these issues because they were already decided in *Kinney*, A-1-CA-41389, mem. op. [CN 3-4] Plaintiff's memorandum does not provide any basis to doubt the application of the law of the case doctrine to the issues this Court already decided in *Kinney*, A-1-CA-41389, mem. op. and appears to misconstrue the applicability of that doctrine. [MIO 3-4, 6, 8] *Cf. State ex rel. King v. UU Bar Ranch Ltd. P'ship*, 2009-NMSC-010, ¶ 21, 145 N.M. 769, 205 P.3d 816 ("We have long held that a decision by an appeals court on an issue of law made in one stage of a lawsuit becomes binding on subsequent trial courts as well as subsequent appeals courts during the course of that litigation."). We therefore conclude that the law of the case doctrine applies and refer Plaintiff to our analysis in *Kinney*, A-1-CA-41389, mem. op., as discussed in our proposed disposition.

**{3}** As we noted in the proposed disposition, we reversed the district court in A-1-CA-41389 solely as to Plaintiff's claim seeking an injunction against Defendant requiring that they stop using the name A-1 Auto Recyclers. [CN 2-3] The district court's order granting Defendants' motion to dismiss states that Plaintiff "did not care about the identity issue regarding A-1 Auto Recyclers." [3 RP 703] Further, the district court made a number of findings related to Defendants' use of the name A-1 Auto Recyclers and concluded that Plaintiff's First Amended Complaint did "not contain allegations that would allow for an injunction to be issued in the favor of the Plaintiff on the issue of Plaintiff's right to exclusive use of the name A-1 Auto Recyclers and therefore does not state a claim upon which relief could be granted." [3 RP 704] Plaintiff does not address any of these findings in his memorandum, and thus we affirm the district court on this issue. *See Seipert v. Johnson*, 2003-NMCA-119, ¶ 26, 134 N.M. 394, 77 P.3d 298 ("An unchallenged finding of the trial court is binding on appeal."); *Martinez v. Sw. Landfills, Inc.*, 1993-NMCA-020, ¶ 18, 115 N.M. 181, 848 P.2d 1108 ("[A]n appellant is bound by the findings of fact made below unless the appellant properly attacks the findings, and that the appellant remains bound if he or she fails to properly set forth all the evidence bearing upon the findings.").

**{4}** Indeed, we note that, based on our understanding of Plaintiff's memorandum, Plaintiff's contentions surrounding A-1 Auto Recyclers appear to be focused on the licensing issue discussed in our proposed disposition. [CN 6] Therein, we suggested that San Juan County Ordinance No. 95 and a statute that Plaintiff alleged Defendants were not in compliance with did not provide a private cause of action to enforce those

provisions. [Id.] Apparently only addressing the ordinance, Plaintiff asserts that "Ord. No. 95, by its language, can be enforced by a victim or consumer who was injured due to violations of the ordinance by 'appropriate legal . . . action' (Sec. 17)." Presumably Plaintiff is referring to San Juan County Ordinance No. 95, Section 16, which states:

> Appropriate legal or administrative action may be taken to prevent conduct of business, restrain, correct, or abate the violation of this article, to prevent the occupancy of a building, a structure or land on which the business is located, or to withhold the issuance of permits or inspections as appropriate. The County may institute any appropriate action or proceeding as provided for herein any time up to four years after the violation. The remedies provided in this section are not exclusive, and if any person engages in business in the County without obtaining the required registration for such business, the County may proceed in any manner authorized by law, including specifically but not limited to the procedures set for by state law in NMSA 1978, §[ ]3-38-5 and §[ ]3-38-6.

We conclude that the plain language of the ordinance contemplates enforcement only by San Juan County, and does not indicate it can be enforced by a private party. *See Lantz v. Santa Fe Extraterritorial Zoning Auth.*, 2004-NMCA-090, ¶ 7, 136 N.M. 74, 94 P.3d 817 ("[I]n the absence of some contrary indication from the enacting body, courts must look to the plain language of an ordinance and give the words their ordinary meaning."). Plaintiff does not provide any authority indicating the contrary or any additional analysis necessary for this Court to evaluate the issue further. *See Yedidag v. Roswell Clinic Corp.*, 2013-NMCA-096, ¶ 15, 314 P.3d 243 (enumerating the non-exclusive three factors used in "determining whether a private cause of action can be implied for a statutory violation in the absence of an explicit statutory directive"); *Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 ("The presumption upon review favors the correctness of the trial court's actions. [The a]ppellant must affirmatively demonstrate its assertion of error.").

{5}     Lastly, we interpret Plaintiff's memorandum to be asserting that the district court was biased against him. [MIO 12, 16-17] However, the assertions of bias appear to only be premised on adverse rulings. "Judicial bias must be personal and cannot be based on adverse rulings." *State v. Fernandez*, 1994-NMCA-056, ¶ 15, 117 N.M. 673, 875 P.2d 1104. We therefore conclude that Plaintiff has not demonstrated judicial bias.

{6}     Accordingly, and for the reasons stated in our notice of proposed disposition and herein, we affirm.

{7}     **IT IS SO ORDERED.**

**GERALD E. BACA, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**ZACHARY A. IVES, Judge**