This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-37520**

**ROBERT B. GRIFFITH,**

      Plaintiff-Appellant,

v.

**USAA INSURANCE COMPANY,**
**a foreign corporation, and RICHARD**
**K. PRUITT,**

      Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Alan M. Malott, District Judge**

Chavez Law Offices, PA
Gene N. Chavez
Albuquerque, NM

for Appellant

Allen Law Firm, LLC
Meena H. Allen
Kerri L. Allensworth
Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**HENDERSON, Judge.**

**{1}**    Robert Griffith (Plaintiff) appeals from the district court's grant of summary judgment in favor of Defendant USAA Casualty Insurance Company (USAA CIC) and

Defendant Richard K. Pruitt (collectively, Defendants)[1] and the court's subsequent denial of his motion to reconsider. Plaintiff presents the following issues on appeal: (1) the district court erred in granting summary judgment to Defendants on Plaintiff's claim for property damage; (2) the district court erred in granting Defendants' motion in limine excluding Plaintiff's expert witness; and (3) the district court erred in holding that an expert witness was necessary to establish causation for Plaintiff's physical and emotional damages, and relatedly in disallowing Plaintiff to establish causation through USAA CIC's claims adjuster. We affirm the district court's grant of summary judgment and denial of the motion to reconsider.

## BACKGROUND

**{2}**     Plaintiff and Defendant Pruitt were involved in a car accident that occurred in 2015. Defendant Pruitt rear-ended Plaintiff's car. Plaintiff's wife, who was a passenger, was not injured, there was moderate damage to Plaintiff's automobile, and Plaintiff claimed injury, including headaches, dizziness, and emotional distress. Defendant Pruitt was uninsured and Plaintiff's underinsured motorist carrier, USAA CIC, handled Plaintiff's claims. Plaintiff subsequently sued Defendants for damages for his injuries and medical care and sued USAA CIC for allegedly mishandling his insurance claims.

## DISCUSSION

**{3}**     As a preliminary matter, we note that Plaintiff has failed to provide us with "a summary of the facts relevant to the issues presented for review" as required by Rule 12-318(A)(3) NMRA. Due to this deficiency and other briefing deficiencies, our review of Plaintiff's arguments on appeal has been impeded.[2]

### I.     Summary Judgment in Favor of Defendants on Plaintiff's Claims of Property Damage

**{4}**     Plaintiff contends that the district court erred by granting summary judgment in favor of Defendants on his claims of property damage. Defendants argue that the district court did not err in granting its motion for summary judgment on Plaintiff's property damage claim because diminution of value was not alleged in Plaintiff's complaint or otherwise preserved. We agree with Defendants. First, Plaintiff has failed to articulate how and where the issue of diminution of value was preserved below as required by Rule 12-318(A)(4). Second, Plaintiff has failed to provide a transcript of the status conference where the district court granted Defendants' motion for summary judgment. *See* Rule 12-211(E) NMRA ("Each appellant shall be responsible for the timely preparation and filing of the transcript of proceedings."); *see also Sandoval v.*

[1]We note that Defendant Pruitt never responded to the complaint in district court, nor is he a party to this appeal, because he passed away in October or November 2017. However, since he is still a named party in the underlying case and for consistency with the briefing, we will refer to Defendants in the plural.
[2]Counsel is reminded to craft their briefs in such a way that we may be able to wholly rely on them as part of our substantive review of the issues presented. *Cf. Martinez v. Sw. Landfills, Inc.*, 1993-NMCA-020, ¶ 13, 115 N.M. 181, 848 P.2d 1108 ("Neither the appellee nor the reviewing court should have to supplement the appellant's presentation of the evidence.").

*Baker Hughes Oilfield Operations, Inc.*, 2009-NMCA-095, ¶ 65, 146 N.M. 853, 215 P.3d 791 ("It is the duty of the appellant to provide a record adequate to review the issues on appeal."). From the record before us, it is unclear whether Plaintiff's claim of property damage was preserved below and whether it was raised and argued at the status conference when summary judgment was granted in favor of Defendants. Moreover, Plaintiff fails to respond with any record citation to Defendants' claim that Plaintiff conceded below that any claim for property damages had been satisfied. Finally, Plaintiff fails to cite any supporting authority for his position. *See* Rule 12-318(A)(4). Because of these substantive deficiencies in Plaintiff's briefing and our inability to review what appears to be a relevant transcript, we decline to address this matter further. *See Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 (declining to entertain a cursory argument that included no explanation of the party's argument and no facts that would allow the Court to evaluate the claim).

## II.     Defendants' Motion to Exclude Plaintiff's Expert Witness

{5}     Plaintiff next contends that the district court erred in granting Defendants' motion to exclude his expert witness, Dr. Anthony Reeve. "The rule in this [s]tate has consistently been that the admission of expert testimony or other scientific evidence is peculiarly within the sound discretion of the trial court and will not be reversed absent a showing of abuse of that discretion." *State v. Alberico*, 1993-NMSC-047, ¶ 58, 116 N.M. 156, 861 P.2d 192. "Broad discretion in the admission or exclusion of expert evidence will be sustained unless manifestly erroneous." *Id.* (internal quotation marks and citation omitted).

{6}     The district court granted Defendants' motion to exclude Dr. Reeve as an expert witness because it determined that, although Dr. Reeve would normally be qualified as an expert on Plaintiff's injuries and care, it was undisputed that he had not "reviewed any of Plaintiff's prior medical history, had only met with Plaintiff once but did not . . . review his radiological studies, was unable to opine on Plaintiff's claims of blurred vision, blood pressure problems, or vertigo as he had not reviewed Plaintiff's medical records, and had not reviewed the charges for Plaintiff's medical care for reasonableness as to need or amount" rendering his "testimony more specula[tive] than scien[tific]." The district court later affirmed its ruling on Plaintiff's motion for reconsideration "because [Dr. Reeve's] methodology had been so faulty as to make his testimony speculative and unreliable and of no assistance to the jury in its adjudicative role."

{7}     Plaintiff argues that Dr. Reeve was "prepared to testify as to causation and reasonableness of treatment" and "had formed an opinion as to [Plaintiff's] injuries from the automobile collision." However, our review of the record supports the district court's ruling that the methodology relied upon by Dr. Reeve to form his opinion does not meet the requirements necessary for expert testimony in this matter. Although the briefing by Plaintiff is less than clear, it appears that the causation of Plaintiff's medical condition was at issue and that whether the accident was the cause of Plaintiff's headaches and dizziness, or whether these were symptoms of a preexisting medical condition required

review of Plaintiff's medical history and a differential diagnosis. In light of this, the district court correctly decided that Dr. Reeve could not give a medical opinion without having reviewed Plaintiff's medical history. We therefore conclude that the district court did not abuse its discretion in excluding Plaintiff's expert.

### III.     Whether Expert Testimony Is Necessary to Establish Causation for Physical and Emotional Damages

**{8}**     Plaintiff contends that the district court erred in holding that expert testimony is necessary to establish causation for all physical and emotional damages. To the extent that Plaintiff argues expert testimony is not always necessary to establish causation where personal injury is claimed, we generally agree. Our case law is clear that expert testimony is often required to establish causation, but not always. *See, e.g., Folz v. State*, 1990-NMSC-075, ¶ 44, 110 N.M. 457, 797 P.2d 246 ("Although in many cases expert testimony will be required to establish causation and damages, such testimony is not always necessary."). However, Plaintiff has failed to provide us with facts to show how this principle applies to his case.

**{9}**     The district court, in its grant of summary judgment, describes a dispute of fact about whether Plaintiff's physical symptoms and mental distress were caused by the automobile accident, as Plaintiff alleges, or were caused by a preexisting medical condition. Plaintiff has not identified any facts challenging this characterization of the central issue before the district court. Moreover, Plaintiff provides no argument about how, in light of the issue in dispute, lay testimony could suffice. Plaintiff relies solely on generalizations about how, sometimes, expert testimony is not needed. Without a discussion of the applicable law as applied to the facts in this case, we cannot and will not address Plaintiff's argument. *See State v. Ortiz*, 2009-NMCA-092, ¶ 32, 146 N.M. 873, 215 P.3d 811 (refusing to address undeveloped, conclusory arguments, reasoning that "[a] party cannot throw out legal theories without connecting them to any elements and any factual support for the elements" (internal quotation marks and citation omitted)); *see also Headley*, 2005-NMCA-045, ¶ 15 (declining to entertain a cursory argument that included no explanation of the party's argument and no facts that would allow the Court to evaluate the claim).

**{10}**     Plaintiff also argues that his expert should have been allowed to render an opinion based on evidence and testimony presented at trial. Plaintiff focuses primarily on the anticipated testimony of USAA CIC's adjuster, someone who is admittedly not a medical professional. The district court reasonably concluded that listening to the testimony of a nonmedical witness could not render the testimony of a doctor, who had not reviewed Plaintiff's medical history, scientifically reliable. Plaintiff cites no authority for his claim that having a doctor listen to the adjuster's testimony would allow the doctor to testify about the cause of Plaintiff's alleged injuries. *See Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists."). We therefore decline to further address Plaintiff's argument that expert testimony was not necessary to establish causation in this case and Plaintiff's related argument that causation could be

established by USAA CIC's adjuster. *Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 ("We will not review unclear arguments, or guess at what a party's arguments might be." (alteration, internal quotation marks, and citation omitted)).

**CONCLUSION**

**{11}** For the foregoing reasons, we affirm the district court's grant of Defendants' motion for summary judgment and denial of Plaintiff's motion for reconsideration.

**{12}  IT IS SO ORDERED.**

**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**JANE B. YOHALEM, Judge**