# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: 2022-NMCA-018

Filing Date: December 14, 2021

No. A-1-CA-39149

**STATE OF NEW MEXICO,**

   Plaintiff-Appellee,

v.

**FELICIA J. PERU,**

   Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF GRANT COUNTY**
**Tom F. Stewart, District Judge**

Certiorari Denied, March 24, 2022, No. S-1-SC-39205. Released for Publication May 10, 2022.

Hector H. Balderas, Attorney General
Benjamin L. Lammons, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Caitlin C.M. Smith, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## OPINION

**HANISEE, Chief Judge.**

**{1}**   Defendant appeals the district court order continuing her probation, arguing that the district court violated her right to due process by denying her motion to appear in person at an adjudicatory hearing on the State's motion to revoke her probation. In denying Defendant's motion, the district court relied on New Mexico Supreme Court Order No. 20-8500-013 (the Supreme Court Order), in which the Court set forth procedures related to the function of judicial proceedings in light of the burgeoning COVID-19 pandemic. *See* Supreme Court Order No. 20-8500-013 (April 16, 2020),

https://www.nmcourts.gov/wp-content/uploads/2020/12/Order-No_-20-8500-013-Updating-and-Consolidating-Precautionary-Measures-for-Court-Operations-in-NM-Judiciary-4-16-20.pdf. For the reasons that follow, we affirm.

## BACKGROUND

**{2}** Between May 2019 and January 2020, the State filed three different petitions to revoke Defendant's probation, alleging Defendant's various failures to comply with her probation requirements. On March 11, 2020, following the State's third petition to revoke probation, the COVID-19 pandemic was declared a public health emergency in New Mexico.[1] On April 16, 2020, our Supreme Court announced the Supreme Court Order, updating precautionary measures for court operation in the New Mexico Judiciary during the COVID-19 public health emergency, which is at issue in this case. In pertinent part, the Supreme Court Order provides that "[a]ll judges shall use telephonic or audio-visual attendance for court appearances by attorneys, litigants, witnesses, and the press unless there is an emergency need for an in-person appearance upon motion of a party." Supreme Court Order No. 20-8500-013 at 4.

**{3}** In May 2020, Defendant filed a motion requesting to appear in person at an upcoming adjudicatory hearing on the State's motion to revoke her probation. The district court denied Defendant's motion and stated within its findings that no emergency need existed in the case. Following the adjudicatory hearing, at which Defendant appeared via audio-visual connection, the district court filed its order continuing Defendant's probation and Defendant subsequently filed her notice of appeal. The State filed a fourth petition to revoke Defendant's probation, alleging continued violations. Following a hearing on the State's motion, the district court filed an order in which it unsatisfactorily discharged Defendant from probation and released Defendant from the Grant County Detention Center.

## DISCUSSION

**{4}** We observe at the outset that because Defendant was unsatisfactorily discharged from probation and subsequently released on the district court's order, this case presents no actual controversy, and we are unable to grant any actual relief. Indeed, Defendant states that "[s]he does not ask this Court to reinstate her to probation. She asks simply for this Court to hold that she had a right to appear in person at her [adjudicatory] hearing, and that that right was violated." Thus, this case appears to be moot. *See Gunaji v. Macias*, 2001-NMSC-028, ¶ 9, 130 N.M. 734, 31 P.3d 1008 ("A case is moot when no actual controversy exists, and the court cannot grant actual relief." (internal quotation marks and citations omitted)). Even if a case is moot, we have discretion to "review moot cases that present issues of substantial public interest or which are capable of repetition yet evade review." *Id.* ¶ 10. Recognizing the likelihood that this Court will be asked to resolve future cases that are similarly related to the district court's application of the Supreme Court Order—or other similar orders from our

---

[1] *See* State of N.M., Executive Order 2020-004 (March 11, 2020) https://cv.nmhealth.org/wp-content/uploads/2020/03/Executive-Order-2020-004.pdf.

Supreme Court related to COVID-19—we address below the merits of Defendant's appeal.

**{5}** Here, Defendant's primary argument is that the district court misinterpreted the Supreme Court Order and, in so doing, violated Defendant's rights to due process by denying her motion to appear in person at an adjudicatory hearing.[2] Defendant does not argue that the Supreme Court Order itself is erroneous or unconstitutional, but rather that the district court erred in its interpretation and application of the Supreme Court Order. Defendant asserts that because she filed motions requesting in-person proceedings, the district court was required under the Supreme Court Order to grant such motions and hold in-person proceedings. Indeed, Defendant contends that "[w]hen [she] insisted on appearing in person, the district court needed to conduct the hearing in person, with appropriate safeguards to protect everyone from [the C]oronavirus." Defendant misapprehends the Supreme Court Order.

**{6}** The Supreme Court Order states that "[a]ll judges shall use telephonic or audio-visual attendance for court appearances by attorneys, litigants, witnesses, and the press *unless there is an emergency need* for an in-person appearance upon motion of a party." Supreme Court Order No. 20-8500-013 at 4 (emphasis added). The Supreme Court Order further provides that the district court has discretion to order in-person appearances "on the judge's own initiative, without a motion by a party, provided that the judge shall confer with the parties and the chief judge of the district before proceeding with an in-person appearance." Supreme Court Order No. 20-8500-013 at 4. Specifically related to criminal proceedings, the Supreme Court Order provides that "[a]ny criminal procedure rules requiring the presence of the defendant may be accomplished through remote, audio-visual appearance in the discretion of the judge, provided that confidential communication between the defendant and defense counsel is made available[.]" Supreme Court Order No. 20-8500-013 at 4.

**{7}** Under these provisions, the district court has discretion to require in-person appearances within certain parameters or when moved to do so by a party asserting an emergency need to appear in person. The Supreme Court Order does not require the district court to grant a defendant's motion for in-person proceedings where such motion fails to present an emergency need. Defendant's motion did not assert an emergency need for Defendant to appear in person; rather it merely asserted a general constitutional right to appear in person for probation revocation proceedings. Moreover,

---

[2]Defendant argues as well that there was insufficient evidence of a violation to support the district court's revocation of her probation. Defendant fails to develop this argument with any explanation or analysis, citation to the record, or citation to relevant authority, and we therefore consider the argument to be undeveloped and decline to address it further. *See Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701 ("This Court has no duty to review an argument that is not adequately developed."); *see In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 ("We have long held that to present an issue on appeal for review, an appellant must submit argument *and authority* as required by rule. We assume where arguments in briefs are unsupported by cited authority, counsel after diligent search, was unable to find any supporting authority. [T]herefore[, we] will not do this research for counsel. Issues raised in appellate briefs which are unsupported by cited authority will not be reviewed by us on appeal." (citations omitted)).

Defendant fails to articulate on appeal that her motion was supported by an emergency need and provides no authority to support her implicit assertion that her desire to exercise her right to appear in person at proceedings constituted an emergency. Because Defendant fails to establish that her motions were supported by emergency need, contrary to the district court's findings, we can assign no error to the district court's compliance with the Supreme Court Order. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (explaining that "[t]here is a presumption of correctness in the district court's rulings" and that it is a defendant's "burden on appeal to demonstrate any claimed error below" (alterations, internal quotation marks, and citation omitted)); *see also Martinez v. Sw. Landfills, Inc.*, 1993-NMCA-020, ¶ 18, 115 N.M. 181, 848 P.2d 1108 ("[A]n appellant is bound by the findings of fact made below unless the appellant properly attacks the findings, and that the appellant remains bound if he or she fails to properly set forth all the evidence bearing upon the findings."). We therefore hold that the district court did not err in its interpretation of the Supreme Court Order.

**CONCLUSION**

**{8}** For the reasons stated above, we affirm.

**{9}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**GERALD E. BACA, Judge**