The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: _____

Filing Date: **March 20, 2023**

**No. A-1-CA-39869**

**STATE OF NEW MEXICO,**

　　　Plaintiff-Appellee,

v.

**GREGG STEELE,**

　　　Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY**
**Jeffrey A. Shannon, District Court Judge**

Raúl Torrez, Attorney General
Laurie Blevins, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
MJ Edge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**OPINION**

**HANISEE, Judge.**

{1}    Defendant Gregg Steele appeals (1) his convictions for second degree murder, contrary to NMSA 1978, Section 30-2-1(B) (1994), and tampering with evidence, contrary to NMSA 1978, Section 30-22-5 (2003), as well as (2) the district court's denial of Defendant's motion for a new trial. Defendant argues he was denied effective assistance of counsel due to the district court's adherence to applicable and mandatory distancing restrictions issued by our Supreme Court in response to the COVID-19 public health emergency. For the reasons that follow, we conclude Defendant is unable to establish the prima facie case necessary to advance a claim of ineffective assistance of counsel on direct appeal. Therefore, we affirm, but note that nothing about our doing so prevents Defendant from more fully developing the issue he presents in this appeal in future habeas corpus proceedings.

**DISCUSSION**

{2}    Defendant argues the district court erred in denying his motion for a new trial—and, consequently, challenges the validity of his convictions—because the district court's enforcement of public health orders, primarily the New Mexico Supreme Court Order, *In the Matter of Recommencing Jury Trials During the COVID-19 Public Health Emergency*, 20-8500-020 (N.M. May, 28, 2020) (the Supreme Court Order), in which our state's highest court set forth procedures related

to the recommencing of jury trials during the COVID-19 public health emergency, rendered Defendant without effective assistance of counsel. *See* https://www.nmcourts.gov/wp-content/uploads/2020/12/Order-No_-20-8500-020-Order-Recommencing-Jury-Trials-5-28-20-2.pdf. Specifically, Defendant contends that one particular requirement of the Supreme Court Order—namely that *all* individuals maintain a minimum distance of six feet between one another—resulted in Defendant being unable to have privileged communications with his trial counsel before and during trial.[1] Defendant states that such inability to maintain privileged communications with his trial counsel precluded him from electing to testify in his own defense. Defendant claims as well that the district court erroneously perceived and found the Supreme Court Order to incorporate a determination that the ability to maintain attorney-client communications before and during proceedings is not a prerequisite for effective assistance of counsel.

{3}     Defendant's arguments broadly center on an assertion that the district court's adherence to the Supreme Court Order resulted in Defendant receiving ineffective assistance of counsel. Indeed, the alleged deficiencies by his trial counsel arose solely from compliance with the district court's enforcement of the Supreme Court

---

[1] Defendant does not specify under what authority the social distancing restrictions were enforced at the jail. For the purposes of this discussion, we refer to the Supreme Court Order, but make no determination about whether the Supreme Court Order governed social distancing at the county jail.

2

Order. To the extent Defendant's arguments challenge the propriety or legality of the Supreme Court Order, we would decline to entertain such an inquiry as it should instead be directed to our Supreme Court. *See Alexander v. Delgado*, 1973-NMSC-030, ¶ 9, 84 N.M. 717, 507 P.2d 778 ("The general rule is that a court lower in rank than the court which made the decision invoked as a precedent cannot deviate therefrom and decide contrary to that precedent, irrespective of whether it considers the rule laid down therein as correct or incorrect." (internal quotation marks and citation omitted)); *see also* N.M. Const. art. VI, § 3 (providing that our Supreme Court is granted "superintending control over all inferior courts"); *State v. Peru*, 2022-NMCA-018, ¶ 5, 508 P.3d 907 (holding there to be no error in the district court's interpretation and enforcement of a comparable Supreme Court order related to proceedings during the COVID-19 public health emergency), *cert. denied* (S-1-SC-39205). Here, though, we perceive ourselves faced not with a question regarding the legality of the Supreme Court Order itself, but rather the *effects* of the Supreme Court Order on Defendant's right to effective assistance of counsel.

{4}     To raise this issue, Defendant appeals the district court's denial of his motion for a new trial, which we review for abuse of discretion. *See State v. Ferguson*, 1990-NMCA-117, ¶ 4, 111 N.M. 191, 803 P.2d 676. Regarding Defendant's broader assertions of ineffective assistance of counsel, we reiterate that "[c]riminal defendants are entitled to reasonably effective assistance of counsel under the Sixth

Amendment of the United States Constitution." *State v. Crocco*, 2014-NMSC-016, ¶ 12, 327 P.3d 1068 (internal quotation marks and citation omitted). "To evaluate a claim of ineffective assistance of counsel, we apply the two-prong test in *Strickland v. Washington*, 466 U.S. 668, 687 (1984)." *State v. Dylan J.*, 2009-NMCA-027, ¶ 36, 145 N.M.719, 204 P.3d 44. "That test places the burden on the defendant to show that his counsel's performance was deficient and that the deficient performance prejudiced his defense." *Id.*; *see also Crocco*, 2014-NMSC-016, ¶ 14 ("[A] prima facie case [of ineffective assistance of counsel] requires [the d]efendant to establish both elements of ineffective assistance, attorney error and prejudice.").

{5}     Here, Defendant contends that the district court's order denying Defendant's motion for a new trial erroneously concludes that confidential, in-person communication between a defendant and counsel before and during trial is not necessary for effective assistance. Indeed, the parties do not disagree—and neither do we—that the district court's characterization of the Supreme Court Order as concluding that trial communication between a defendant and their attorney is not necessary to effective representation is mistaken. Nothing about the Supreme Court Order makes any such suggestion. Taking this a step further, we express concern regarding limitation on a defendant's capacity to communicate with his trial counsel in real time during proceedings. Nonetheless, the record here demonstrates that the district court's order arose from a trial in which Defendant *was* able to communicate

4

with counsel, albeit in a manner constrained by method and proximity. The proceedings in the district court reflect that Defendant and his counsel, while not able to speak directly to one another during trial due to the Supreme Court Order spacing requirements, were able to communicate during trial by exchanging written notes. The district court directed Defendant and counsel to exercise caution when passing such notes so as to avoid juror observation thereof, but that direction did not, according to the record available to us, preclude Defendant and counsel from using confidential written communication during trial. Further, Defendant and counsel were able to communicate during pretrial preparations, although only virtually. The record reflects that one such virtual meeting between Defendant and counsel was conducted in the presence of jail staff, a point of concern, but we lack information regarding the specific nature of that conversation or how it was limited in a manner that the conversation could not be later revived outside the presence of jail personnel. As well, during breaks from trial, Defendant and counsel were able to communicate with one another in-person while outside the presence of the jury, but were required to maintain the distancing and masking requirements of the Supreme Court Order while doing so. These in-person communications during breaks from trial were conducted in the presence of law enforcement officers, and counsel acknowledged during the hearing on Defendant's motion for a new trial that the officers were present for security purposes.

{6} Although we have no doubt that these limited means of communication impeded counsel's ability to freely communicate with Defendant to some degree, such does not singularly render counsel deficient to the extent that establishes a prima facie showing of ineffective assistance of counsel. *See Crocco*, 2014-NMSC-016, ¶ 14. "A defense is prejudiced if, as a result of the deficient performance, there was a reasonable probability that the result of the trial would have been different." *Dylan J.*, 2009-NMCA-027, ¶ 38 (omission, internal quotation marks, and citation omitted). Defendant fails to establish—and the record before us lacks as yet sufficient development to demonstrate—a reasonable probability that the result of the trial would have been different, and therefore fails to establish the requisite prejudice necessary to a prima facie case of ineffective assistance of counsel. We conclude that Defendant's claims, as thus far developed, relate to the methods of and diminished opportunity for communication with counsel and the investigators and not the complete absence thereof, and under the circumstances set forth at the hearing on the motion for new trial, we hold there to be no error of law in the district court's denial of a new trial on the basis of ineffective assistance of counsel. Concluding there to be no underlying prima facie case of ineffective assistance of counsel as presently developed in the trial record, we discern no abuse of discretion by the district court related to its denial of Defendant's motion for a new trial on that basis.

{7}     As so often the appellate courts do, we emphasize that our holding in this regard does not preclude Defendant from seeking an evidentiary hearing within a habeas corpus proceeding, as such remains the best mechanism to develop specific facts related to the claim. "[A] claim of ineffective assistance of counsel is best addressed in a habeas corpus proceeding." *State v. Astorga*, 2016-NMCA-015, ¶ 25, 365 P.3d 53. "Because the [district] court's record may not adequately document the sort of evidence essential to a determination of trial counsel's effectiveness, ineffective assistance of counsel claims are often better adjudicated through habeas corpus proceedings." *State v. Miera*, 2018-NMCA-020, ¶ 30, 413 P.3d 491 (alteration, internal quotation marks, and citation omitted); *see also Crocco*, 2014-NMSC-016, ¶¶ 13, 15 (explaining that because "an appellate court cannot determine that trial counsel provided constitutionally ineffective assistance" without an adequate record, "a claim of ineffective assistance of counsel should normally be addressed in a post-conviction habeas corpus proceeding, which may call for a new evidentiary hearing to develop facts beyond the record").

**CONCLUSION**

{8}     For the reasons stated above, we affirm.

{9}     **IT IS SO ORDERED.**

_____
**J. MILES HANISEE, Judge**

**WE CONCUR:**

_____
**MEGAN P. DUFFY, Judge**

_____
**KATHERINE A. WRAY, Judge**

8