The slip opinion is the first version of an opinion released by the Clerk of the Court of Appeals. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Clerk of the Court for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: _____

Filing Date: November 18, 2025

**No. A-1-CA-41435**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellant,

v.

**PASCUAL JOSE DIAZ,**

     Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Stephen Ochoa, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Michael J. Thomas, Assistant Solicitor General
Albuquerque, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Melanie C. McNett, Assistant Appellate Defender
Santa Fe, NM

for Appellee

NM Victims' Rights Project
Carolyn Callaway
Albuquerque, NM

for Amicus Curiae

**OPINION**

**HANISEE, Judge.**

{1}	This appeal arises from a probation revocation proceeding against Defendant Pascual Jose Diaz in Otero County Magistrate Court. The magistrate court partially revoked Defendant's probation and imposed an amended sentence. However, in the ruling challenged by the State on appeal, the magistrate court determined that Selena Amelia Sanchez-Smith, the victim of Defendant's underlying offense (Victim), did not have a right to make a statement regarding that offense at the probation revocation hearing, only affording her "a right to bring testimony regarding the [probation] violation." The State appealed to the district court. The district court dismissed the State's appeal for various reasons. On appeal to this Court, the State reasserts that the magistrate court erred and argues that the district court was wrong to dismiss its appeal. The State seeks a "resentencing hearing" at which Victim has an opportunity to speak. Because this case is now moot, we affirm. However, since the facts of this case fit within established exceptions to mootness, we issue this precedential opinion to clarify that the victim of a crime enumerated in the victims' rights provisions of the New Mexico Constitution and in the Victims of Crime Act, NMSA 1978, §§ 31-26-1 to -14 (1994, as amended through 2019), has an absolute right to make a statement at all post-sentencing hearings, including probation revocation hearings, regardless of whether the trial court believes that the subject

matter of the victim's statement is relevant to the issues to be decided during the hearing. *See* N.M. Const. art. II, § 24(A)(7); *see also* § 31-26-3(B)(20) (defining battery against a household member as a "criminal offense").

**BACKGROUND**

{2} In 2022, Defendant pleaded guilty to battery on a household member involving Victim, in violation of NMSA 1978, Section 30-1-15 (2008), and was sentenced to a period of incarceration and probation, pursuant to NMSA 1978, Section 31-19-1(A) (1984). Later, the State filed a petition to revoke Defendant's probation based on alleged violations. At a probation violation sentencing hearing, the State presented Victim to speak about Defendant's initial crime. The magistrate court agreed to permit Victim to give a statement, but only one about the current probation violation. Because Victim could only speak to the initial charge and not the current violation, she chose to not speak at the hearing.

{3} On appeal to the district court following the magistrate court's partial revocation of Defendant's probation and revised sentence, the State argued that Victim was denied "the right to testify at a sentencing hearing" and that such offended the Victims of Crime Act. *See* § 31-26-4(G). The district court dismissed the appeal, finding that the State had no right to appeal, the State was not an aggrieved party, the Defendant had received the maximum sentence statutorily

available, and the magistrate court did not err in limiting Victim's testimony for purposes of relevance. The State appeals.

**DISCUSSION**

{4}     Although this case is now moot, as we briefly explain, we exercise our discretion to decide whether the New Mexico constitutional and statutory provisions furnishing victims with the right to "make a statement to the court . . . at any post-sentencing hearings for the accused" extend to probation revocation hearings in a manner not limited by the Rules of Evidence. Section 31-26-4(G). For reasons we will explain, we hold that they do.

{5}     With Defendant having completed his sentence, no court has jurisdiction to resentence him and the case is moot. *See State v. Gaddy*, 1990-NMCA-055, ¶ 10, 110 N.M. 120, 792 P.2d 1163 ("[A] court has no further jurisdiction over a defendant who has completely served a sentence.").[1] Appellate courts generally do not decide moot cases. *See Gunaji v. Macias*, 2001-NMSC-028, ¶ 9, 130 N.M. 734, 31 P.3d 1008. "An appeal is moot when no actual controversy exists, and an appellate ruling

---

[1]Furthermore, the actual relief sought in this case—a resentencing hearing so that the victim has an opportunity to provide a statement related to Defendant's original offense—would violate Defendant's right against double jeopardy and due process found in Article II, Sections 15 and 18 of the New Mexico Constitution. *See State v. Roybal*, 1995-NMCA-097, ¶¶ 7-8, 120 N.M. 507, 903 P.2d 249 ("Even an irregular sentence cannot be set aside and increased once the defendant has fully served the sentence, because that would be tantamount to punishing the defendant twice . . . . [O]nce a defendant has completely served [their] sentence, [they have] a reasonable expectation of finality in [their] case.").

will not grant the appellant any actual relief." *State v. Sergio B.*, 2002-NMCA-070, ¶ 9, 132 N.M. 375, 48 P.3d 764.

{6}     However, this Court does "have discretion to review moot cases that present issues of substantial public interest or which are capable of repetition yet evade review," as the State correctly notes. *State v. Peru*, 2022-NMCA-018, ¶ 4, 508 P.3d 907 (internal quotation marks and citation omitted); *see Cobb v. State Canvassing Bd.*, 2006-NMSC-034, ¶ 14, 140 N.M. 77, 140 P.3d 498. The State argues that a victim's right to speak free from evidentiary limitation fits within one or both of these exceptions.

{7}     To this end, the State's brief, along with the amicus brief from the New Mexico Victims' Rights Project, emphasize the importance of a victim's ability to give a statement at post-sentencing hearings, pointing to the expression of such a right in both the state constitution and statutory law. *See* N.M. Const. art. II, § 24(A)(7) (stating that a victim has "the right to make a statement to the court at sentencing and at any post-sentencing hearings for the accused"); § 31-26-4(G) (same). We agree and, given its recognition both in our constitution and legislation, view questions regarding a victim's right to give a statement at a given court proceeding as of such substantial interest as would warrant an exception to mootness.

{8}  Additionally, a state's appeal from an inferior court and on behalf of an allegedly violated victim's right is capable of repetition yet evading review, since it is possible—even common—for a defendant to complete a sentence before an appellate court responds to an appeal. *Cf. Cobb*, 2006-NMSC-034, ¶ 14 (concluding that the case is capable of repetition yet evading review because of the short time frame associated with elections generally). We therefore determine that the issue of victims' rights as presented in this case satisfies both exceptions to mootness and address the merits here.

{9}  To begin, "[w]hen the language in a statute is clear and unambiguous, we give effect to that language and refrain from further statutory interpretation." *State v. Duhon*, 2005-NMCA-120, ¶ 10, 138 N.M. 466, 122 P.3d 50. "Statutory interpretation is an issue of law, which we review de novo." *Id.* The plain language of the New Mexico Constitution and the Victims of Crime Act leads us to conclude victims of enumerated crimes indeed have an unambiguous and unqualified right to make a statement at any and all post-sentencing hearings. *See id.* The texts of both the constitutional provision and the statute are identical, and both broadly confer "the right to make a statement to the court at sentencing and at any post-sentencing hearings for the accused." N.M. Const. art. II, § 24(A)(7); § 31-26-4(G). Indeed, the use in both governing provisions of the language permitting a victim to speak at "post-sentencing hearings"—which probation revocation proceedings are—

expressly resolves our inquiry. N.M. Const. art. II, § 24(A)(7); § 31-26-4(G). Thus here, Victim's right to speak at a probation revocation hearing is firmly rooted in New Mexico law. Critically, neither provision in any way curtails or otherwise restricts the subject matter of the "statement" a victim has a right to give. Unlike a witness, who provides testimony that must be relevant and admissible, a victim's statement, as the word "statement" implies, is personal—an opportunity provided by law out of respect for the victim. Nothing within either applicable provision suggests a court has discretion to limit the content of a statement because the trial court does not believe that the content will be relevant to the issues to be decided during the hearing.

{10}    Additionally, by its nature, a probation revocation hearing is related to the underlying offense. The harm caused by the underlying offense is not altogether removed by virtue of the fact that a violation of probation is alleged; rather, a victim's experience extends through the end of a given case and is therefore pertinent to a district court's evaluation of what consequence is warranted in the event a probation violation is proven by the State. Therefore, the magistrate court erred by preventing Victim from giving a statement unless it related directly to the probation violation itself rather than to the underlying offense.

{11}    As well, allowing victims to offer a statement at post-sentencing hearings furthers key purposes of the Victims of Crime Act, which is to ensure that "the full

impact of a crime is brought to the attention of a court," § 31-26-2(A), and that "victims of violent crimes are treated with dignity, respect and sensitivity at all stages of the criminal justice process." Section 31-26-2(B); *see* N.M. Const. art. II, § 24(A)(1) (same); *see also State v. Vest*, 2021-NMSC-020, ¶ 20, 488 P.3d 626 ("[A]s a matter of thoroughness, we review the purpose . . . of the statute to ensure that our plain-meaning interpretation does not lead to injustice, absurdity, or contradiction." (internal quotation marks and citation omitted)).

{12}     Moreover, we agree with amicus that such gives victims the opportunity to participate in the ongoing criminal justice process and conveys the message that victims' experiences are relevant and important. To do so fosters a victim's process of healing as well as empowers other victims to participate in the pursuit of justice for other, future crimes.

{13}     We conclude that the magistrate court erred by denying Victim her right to speak of matters that the magistrate court deemed unrelated to the instant allegations at Defendant's probation revocation hearing. Because the statutory maximum sentence for Defendant has passed at the time of this appeal, neither the district court nor the magistrate court have jurisdiction over Defendant. We therefore cannot grant the State's request to hold another probation revocation hearing and afford Victim the opportunity to speak. We nonetheless hold that a victim has an unqualified

constitutional and statutory right to give a statement at any and all post-sentencing hearings, including probation revocation hearings.

**CONCLUSION**

{14}     Due only to mootness, we affirm.

{15}     **IT IS SO ORDERED.**

_____

**J. MILES HANISEE, Judge**

**WE CONCUR:**

_____

**MEGAN P. DUFFY, Judge**

_____

**ZACHARY A. IVES, Judge**