This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-42175

**BOARD OF TRUSTEES SHEET
METAL WORKERS' NATIONAL
PENSION FUND,**

Plaintiff-Appellee,

v.

**ENGINEERED ENVIRONMENTS, LLC,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Nancy J. Franchini, District Court Judge**

Youtz & Valdez, P.C.
James A. Montalbano
Albuquerque, NM

for Appellee

Law Office of Roger Moore
Roger Moore
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Judge.**

{1}     Defendant appeals from the district court's entry of final judgment, after a bench trial, for Plaintiff on Plaintiff's domestication of a foreign, Virginia judgment against Defendant under the theory that Defendant is a successor corporation to Camelot Construction, Inc. This Court issued a calendar notice proposing to affirm. Defendant

filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}**     Defendant maintains that the district court erred in finding that it was a successor corporation to Camelot, and therefore assumed liability for the Virginia judgment. [MIO 13-29] Defendant argues that "[t]he facts show insubstantial evidence for continuation of [Camelot] into [Defendant]." [MIO 15] Defendant repeatedly emphasizes that the evidence presented included "gaps of time," which disconnect Defendant from Camelot. [MIO 17-20; 27-28] Defendant additionally argues that it cannot be a successor corporation because "there was no sale or transfer of assets or anything of value from [Camelot] as it ended to [Defendant]." [MIO 15-16; 23; 25; 27] Finally, relying in part on federal case law, Defendant argues that the district court improperly "lumped together" New Mexico's test for "continuation of transferor" with "continuation of enterprise." [MIO 19-24]

**{3}**     "[A] corporation which purchases the assets of another corporation does not automatically acquire the liabilities or obligations of the transferor corporation except (1) where there is an agreement to assume those obligations; (2) where the transfer results in a consolidation or merger; (3) where there is a continuation of the transferor corporation; or (4) where the transfer is for the purpose of fraudulently avoiding liability." *Sw. Distrib. Co. v. Olympia Brewing Co.*, 1977-NMSC-050, ¶ 13, 90 N.M. 502, 565 P.2d 1019. "Generally, a continuation of the transferor corporation occurs where there is (1) a continuity of directors, officers, and shareholders; (2) continued existence of only one corporation after sale of the assets; and (3) inadequate consideration for the sale of the assets." *Garcia v. Coe Mfg. Co.*, 1997-NMSC-013, ¶ 13, 123 N.M. 34, 933 P.2d 243. "The key element of a continuation is a common identity of officers, directors and stockholders in the selling and purchasing corporations." *Id.* (internal quotation marks and citation omitted).

**{4}**     This Court proposed to affirm under the three-factor test outlined in *Garcia*. [CN 5] First,

>       in 2010, Anthony Pipito purchased Camelot from Steve Alschuler and was the sole owner of Camelot until it closed in 2014. Steve Alschuler formed Defendant in 2014, and Anthony Pipito purchased a fifty percent stock share in Defendant in 2017. Anthony Pipito then purchased the remaining fifty percent of Defendant in 2021.

[CN 5-6] Second, "Camelot ceased operation in the fall of 2014, during the pendency of the Virginia case. At approximately the same time in 2014, Defendant was formed and incorporated." [CN 6] Finally,

>       (1) Defendant admitted to previously working with Plaintiff as Camelot; (2) Defendant and Camelot performed the same services; (3) Defendant and Camelot used the same office space at the same address; (4) Defendant and Camelot used the same sheet metal equipment when providing

services; (5) Anthony Pipito and Steve Alschuler performed the same duties at Defendant as they did for Camelot; and (6) Defendant and Camelot hired the same employee to be a field supervisor for their business.

[CN 6-7]

**{5}**     Although Defendant asserts that the district court's findings were not supported by substantial evidence, Defendant does not specifically challenge the findings of fact that the district court and this Court relied on when proposing summary affirmance. Rather, Defendant reiterates facts that it believes support that Defendant is not a successor corporation to Camelot. This misapplies our standard of review. "The question is not whether substantial evidence exists to support the opposite result, but rather whether such evidence supports the result reached." *N.M. Tax'n & Revenue Dep't v. Casias Trucking*, 2014-NMCA-099, ¶ 20, 336 P.3d 436 (internal quotation marks and citation omitted). "We will not reweigh the evidence nor substitute our judgment for that of the fact[-]finder." *Id.* (internal quotation marks and citation omitted).

**{6}**     Further, Defendant fails to demonstrate how the district court's findings here were unsupported by substantial evidence. "A contention that a . . . finding of fact is not supported by substantial evidence shall be deemed waived unless the argument identifies with particularity the fact or facts that are not supported by substantial evidence." *Wachocki v. Bernalillo Cnty. Sheriff's Dep't*, 2010-NMCA-021, ¶ 17, 147 N.M. 720, 228 P.3d 504 (quoting Rule 12-318(A)(4) NMRA). "Where the appellant fails to include the substance of all the evidence bearing upon a proposition, the Court of Appeals will not consider a challenge to the sufficiency of the evidence." *Id.* (internal quotation marks and citations omitted). As such, Defendant is bound by the district court's findings on review. *See Martinez v. Sw. Landfills, Inc.*, 1993-NMCA-020, ¶ 18, 115 N.M. 181, 848 P.2d 1108 (stating that an appellant is bound by the findings of fact on review unless the appellant properly attacks the findings).

**{7}**     Turning to Defendant's arguments, we disagree that the time between Pipito's involvement with Camelot and Defendant prevents finding the first *Garcia* factor regarding continuity of directors, officers, and shareholders. The district court found that Pipito and Alschuler were the only "directors, officers, and shareholders" of both Camelot and Defendant. [CN 5; MIO 3-6, 26-27] *Garcia*, 1997-NMSC-013, ¶ 13. Therefore, the district court's findings satisfy the first and key *Garcia* factor.

**{8}**     Similarly, we are not persuaded by Defendant's argument that it cannot be a successor corporation because there was not a sale of the assets. A sale of the assets is not necessary to find the third *Garcia* factor when there is continued use of the same assets by both corporations. [CN 6-7; MIO 10, 27] *See High Desert Recovery, LLC v. N.M. Tax'n & Revenue Dep't*, 2022-NMCA-048, ¶ 25, 517 P.3d 258 (finding the third *Garcia* factor where the defendant "assumed possession of the equipment and materials" used by the predecessor corporation). Although Defendant attempts to distinguish this case from *High Desert Recovery*, Defendant's citations involve the

similar, but inapplicable, test under the New Mexico Administrative Code. [MIO 28-29] *Compare id.* ¶¶ 13, 20, 22 (discussing 3.1.10.16 NMAC), *with id.* ¶¶ 23-25 (discussing the three *Garcia* factors).

**{9}** Finally, despite Defendant's citation to federal law, *Garcia* controls our analysis. *See State ex rel. Martinez v. City of Las Vegas*, 2004-NMSC-009, ¶ 20, 135 N.M. 375, 89 P.3d 47 (stating that we are bound by New Mexico Supreme Court precedent). Similar to its citations to *High Desert Recovery*, Defendant's citations to *Garcia* discuss exceptions to corporation nonliability that are not at issue in this case. [MIO 21-23]

**{10}** As such, Defendant does not direct this Court to any new fact, law, or argument that persuades us that our notice of proposed disposition was incorrect. Rather, Defendant's arguments reassert the same contentions and do not direct this Court to error in our proposed resolution of this issue. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a "party responding to a summary calendar notice must come forward and specifically point out errors of law and fact[,]" and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. We therefore refer Defendant to our previous analysis in our proposed summary disposition.

**{11}** Finally, Defendant has abandoned its claims that the district court erred by: (1) finding it had personal jurisdiction over Defendant under the Foreign Judgments Act, NMSA 1978, Section 39-4A-1 to -6 (1989, as amended through 1994); (2) finding it had personal jurisdiction over Defendant because the statute of limitations for breach of contract had expired; (3) finding Plaintiff was not barred by judicial estoppel from bringing a claim to domesticate a foreign judgment against Defendant; and (4) denying Defendant's proposed findings of fact and conclusions of law when it entered judgment in favor of Plaintiff. [MIO 13-29] As such, we need not address these claims of error further. *See Taylor v. Van Winkle's IGA Farmer's Mkt.*, 1996-NMCA-111, ¶ 5, 122 N.M. 486, 927 P.2d 41 (recognizing that issues raised in a docketing statement, but not contested in a memorandum in opposition are abandoned).

**{12}** For the reasons stated in our notice of proposed disposition and herein, we affirm.

**{13}  IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**SHAMMARA H. HENDERSON, Judge**

**KATHERINE A. WRAY, Judge**